**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 0:22-cv-60768-FAM

HOWARD MICHAEL CAPLAN,

    Plaintiff,

vs.

ASM4 AUTO REPAIR INC., a Florida Profit Corporation d/b/a 4RIDERS GARAGE and INNOV INVESTMENTS LLC, a Florida Limited Liability Company,

    Defendants.
_____/

### PLAINTIFF'S MOTION FOR BILL OF COSTS AND ATTACHED BILL OF COSTS

Pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d)(1), and Local Rule 7.3(C), Plaintiff, HOWARD MICHAEL CAPLAN, by and through his counsel, respectfully moves the Court for an order taxing costs against Defendants, ASM4 AUTO REPAIR INC. d/b/a 4RIDERS GARAGE and INNOV INVESTMENTS LLC ("Defendants"), and attaches hereto, as Exhibit "A", a bill of costs as required by Section 1920 and Local Rule 7.3(C).

### SUMMARY CASE STATEMENT

This is an action for injunctive relief and attorneys' fees and costs pursuant to 42 U.S.C. §12181, et seq. ("Americans with Disabilities Act" or "ADA"). On September 21, 2022, this Honorable Court entered a Final Default Judgment [DE 12] in favor of Plaintiff and against the Defendants. Pursuant to Local Rule 7.3 of the Local Rules for the Southern District of Florida, Plaintiff now submits the instant Motion for Bill of Costs and respectfully requests the Court to enter an Order taxing costs.

## **TAXATION OF COSTS**

Federal Rule of Civil Procedure 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be awarded to the prevailing party." Though the Rule is couched in precatory terms, "there is a strong presumption that the prevailing party will be awarded costs." *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007); *accord Smith v. Vaughn*, 171 F.R.D. 323, 326 (M.D. Fla. 1997) ("There is a presumption that prevailing parties will receive costs unless the losing party demonstrates some fault, misconduct, default, or action worthy of penalty on the prevailing side."). Indeed, a "trial court [that] denies the prevailing party its costs . . . must give a reason for its denial of costs so that the appellate court may have some basis upon which to determine if the trial court acted within its discretionary power." *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) (quoting *Gilchrist v. Bolger*, 733 F.2d 1551, 1557 (11th Cir. 1984)) (emphasis added). Thus, the award of costs pursuant to Rule 54(d)(1) is commonly a matter of course.

While Rule 54(d) provides the procedure for the recovery of costs, federal statutes confer the substantive right. Thus, 28 U.S.C. § 1920 provides that a "judge or clerk of any court of the United States may tax as costs the following":

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

In the present case, Plaintiff has prepared a bill of costs in an aggregate amount of $621.84. *See* Ex. "A". Because the recovery of these expenses is authorized by Section 1920, and because Defendants cannot demonstrate any fault, misconduct, default, or action worthy of penalty on the Plaintiff's part, the Plaintiff's request is appropriate, and the Court should tax the enumerated costs as a matter of course.

## **SPECIFIC ITEMS OF COST**

Plaintiff respectfully requests that the Court tax the following items of cost specified in Section 1920.

### **A. Fees of the Clerk.**

Pursuant to Section 1920(1), Plaintiff seeks to recover filing fees paid in the amount of $402.00. The receipt number associated with such payment is AFLSDC-15578414. The amount represents the fees paid for filing the instant action. Courts routinely grant to the prevailing party the cost of the filing fee incurred in bringing a lawsuit. *See, e.g., James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 652 (S.D. Fla.2007)

### **B. Fees of the Process Server.**

Pursuant to § 1920(1), "[f]ees of the clerk and marshal" may be taxed as costs. This includes service of process costs. Although § 1920(1) specifically mentions the term "marshal," the Eleventh Circuit has held service by a private process server to be compensable. *EEOC v. W O Inc.,* 213 F.3d 600, 623 (11th Cir. 2000). This Circuit has held that § 1920(1), read in conjunction with 28 U.S.C. §1921, authorizes a court to tax private process servers' fees as costs. Plaintiff seeks to recover fees paid to the process server in the amount of $86.00. The process server fees were $43.00 for Defendant ASM4 AUTO REPAIR INC. and $43.00 for Defendant INNOV INVESTMENTS LLC.

## C. Fees and Disbursements for Printing.

Section 1920(3) authorizes the taxation of costs for fees and disbursements for printing. Plaintiff seeks to recover $27.50 in printing costs incurred by Plaintiff for printing in connection with this action, including printing for Plaintiff's file, and printing for mailings to Defendants. The following is an itemized breakdown of the printing costs for this action:

| | | | | | |
|---|---|---|---|---|---|
| 04/14/2022 | Printing | ADA report | $0.25 | 2.0 | $0.50 |
| 04/21/2022 | Printing | DE 1 | $0.25 | 13.0 | $3.25 |
| 04/21/2022 | Printing | DE 2 | $0.25 | 1.0 | $0.25 |
| 04/21/2022 | Printing | DE 3 | $0.25 | 2.0 | $0.50 |
| 04/22/2022 | Printing | DE 4 inc. Ds copies to mail - 2 addresses | $0.25 | 9.0 | $2.25 |
| 04/28/2022 | Printing | DE 5 | $0.25 | 1.0 | $0.25 |
| 04/28/2022 | Printing | DE 6 | $0.25 | 1.0 | $0.25 |
| 04/29/2022 | Printing | DE 7 | $0.25 | 3.0 | $0.75 |
| 05/02/2022 | Printing | DE 8 inc. Ds copies to mail - 2 addresses | $0.25 | 12.0 | $3.00 |
| 06/15/2022 | Printing | DE 9 | $0.25 | 2.0 | $0.50 |
| 06/15/2022 | Printing | DE 10 | $0.25 | 1.0 | $0.25 |
| 09/02/2022 | Printing | DE 11 inc. Ds copies to mail - 2 addresses | $0.25 | 60.0 | $15.00 |
| 09/21/2022 | Printing | DE 12 | $0.25 | 3.0 | $0.75 |

## D. Other Costs.

The following is an itemized breakdown of the other costs incurred in this action which Plaintiff seeks:

| | | | | | |
|---|---|---|---|---|---|
| 02/23/2022 | Pacer | research for previous ADA suits | $0.10 | 3.0 | $0.30 |
| 08/31/2022 | Postage | DE 4 | $0.96 | 2.0 | $1.92 |
| 05/02/2022 | Postage | DE 8 | $0.96 | 2.0 | $1.92 |
| 07/01/2022 | Courier Fee | for delivering the letter to Defendants | $50.00 | 2.0 | $100.00 |
| 07/02/2022 | Postage | DE 11 | $1.10 | 2.0 | $2.20 |

**E. Interest.**

Plaintiff further seeks interest pursuant to 28 U.S.C. § 1961 on any award of costs.

**WHEREFORE**, Plaintiff respectfully seeks entry of an order awarding his costs in the amount of $621.84, and such further relief as this Honorable Court deems just and proper.

Respectfully submitted,

By: *Ronald Stern*
Ronald E. Stern, Esq.
Florida Bar No. 10089
Ronnette Gleizer, Esq.
Florida Bar No. 87417
THE ADVOCACY LAW FIRM, P.A.
1250 E. Hallandale Beach Blvd.
Suite 503
Hallandale Beach, Florida 33009
Telephone:     (954) 639-7016
Facsimile:     (954) 639-7198
Email: ronsternlaw@gmail.com, advocacylawfirmpa@gmail.com
Attorneys for Plaintiff, HOWARD MICHAEL CAPLAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:22-cv-60768-FAM

HOWARD MICHAEL CAPLAN,

       Plaintiff,

vs.

ASM4 AUTO REPAIR INC., a Florida Profit Corporation d/b/a 4RIDERS GARAGE and INNOV INVESTMENTS LLC, a Florida Limited Liability Company,

       Defendant.
_____/

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 14th day of October 2022, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record, corporations, or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or Via U.S. Mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: *Ronald Stern*
Ronald E. Stern, Esq.
Florida Bar No. 10089
Ronnette Gleizer, Esq.
Florida Bar No. 87417
THE ADVOCACY LAW FIRM, P.A.
1250 E. Hallandale Beach Blvd., Suite 503
Hallandale Beach, Florida 33009
Telephone:    (954) 639-7016
Facsimile:    (954) 639-7198
Email: ronsternlaw@gmail.com, advocacylawfirmpa@gmail.com
Attorneys for Plaintiff, HOWARD MICHAEL CAPLAN

## SERVICE LIST:

HOWARD MICHAEL CAPLAN, Plaintiff, vs. ASM4 AUTO REPAIR INC., a Florida Profit Corporation d/b/a 4RIDERS GARAGE and INNOV INVESTMENTS LLC, a Florida Limited Liability Company

United States District Court Southern District of Florida

CASE NO. 0:22-cv-60768-FAM

**ASM4 AUTO REPAIR INC. d/b/a 4RIDERS GARAGE**

**REGISTERED AGENT:**

ERC CONSULTING INC.
4701 N FEDERAL HWY STE 470
POMPANO BEACH, FL 33064

**VIA U.S. MAIL**

**INNOV INVESTMENTS LLC**

**REGISTERED AGENT:**

CSG - CAPITAL SERVICES GROUP INC.
1191 E NEWPORT CENTER DRIVE
SUITE 103
DEERFIELD BEACH, FL 33442

**VIA U.S. MAIL**